UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PHILBERT CHARLES, JR.

                Plaintiff

-vs-

HSBC MORTGAGE SERVICES INC.

                Defendant
_____

**ANSWER**

06-CV-8174

        Defendant HSBC Mortgage Services Inc. ("Defendant") by its attorneys, Phillips Lytle LLP, answers the Complaint of the plaintiff as follows:

        1.      Concerning the allegations contained in paragraph 1, Defendant admits only that plaintiff is attempting to bring an action under, <u>inter alia</u>, the Fair Credit Reporting Act (15 USC § 1681 et. seq.) and denies all other allegations contained in this paragraph.

        2.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 2 and 19.

        3.      Concerning the allegations contained in paragraphs 9 and 11, Defendant admits only that there were certain documented transactions and/or communications concerning plaintiff, refers to these transactions and communications for their content and context, and denies all other allegations contained in these paragraphs.

        4.      Concerning the allegations contained in paragraphs 4, 5 and 6, those allegations are legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations.

        5.      Defendant denies the allegations contained in paragraphs 3, 7, 8, 10, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 26, 27, 28, 29 and 30.

6. Concerning the allegations contained in paragraph 20, Defendant repeats and realleges its responses to paragraphs 1 through 19.

7. Concerning the allegations contained in paragraph 24, Defendant admits that Defendant is entitled to attorneys' fees and disbursements.

8. Concerning the allegations contained in paragraph 25, Defendant repeats and realleges its responses to paragraphs 1 through 24.

9. Defendant denies all other allegations not previously responded to above.

## FIRST DEFENSE

10. Plaintiff agreed to arbitrate all disputes. That agreement bars this lawsuit.

## SECOND DEFENSE

11. Plaintiff's claims are barred and limited by the account agreements.

## THIRD DEFENSE

12. Plaintiff's claims are barred by the applicable Statute of Limitations.

## FOURTH DEFENSE

13. Plaintiff has failed to mitigate damages.

## FIFTH DEFENSE

14. Plaintiff's claims are barred by laches, waiver and estoppel.

## SIXTH DEFENSE

15. Some or all damages claimed by plaintiff were brought about or contributed to by reason of plaintiff's own actions or negligence and plaintiff's damages must be diminished accordingly.

**SEVENTH DEFENSE**

16. Plaintiff's claims are barred in whole or in part by the negligence or other acts or omissions of third-parties for whose acts or omissions Defendant does not have any responsibility.

**EIGHTH DEFENSE**

17. Defendant will seek the benefit of Article 16 of the CPLR.

**NINTH DEFENSE**

18. Plaintiff's claims fail to state a cause of action against Defendant.

**TENTH DEFENSE**

19. At all times relevant to the Complaint, Defendant followed reasonable procedures in good faith and any error was unintentional.

**ELEVENTH DEFENSE**

20. Plaintiff's claims are preempted.

**TWELFTH DEFENSE**

21. Defendant's actions are protected by privilege.

**THIRTEENTH DEFENSE**

22. The punitive damages claimed and alleged by plaintiff violate Defendant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the New York Constitution in that they are penal in nature and tantamount to the imposition of a criminal fine, and the guidelines, standards and/or instructions ("Guidelines") for the imposition of punitive damages are vague, indefinite, and uncertain. Furthermore, these Guidelines do not apprise Defendant of the conduct that will be subject to criminal penalties, and exposes Defendant to multiple punishments and fines for the same acts,

thereby discriminating against Defendant on the basis of wealth in that different amounts can be awarded for the same acts against Defendant who differ only in material wealth.  These Guidelines further purport to impose penal, punitive or criminal penalties for a publication of matters without fault, malice or disregard for truth or knowledge of falsity or reckless disregard for the truth of the matters, all of which are protected by the First Amendment of the Constitution of the United States.  Defendant further states that plaintiff fails to state sufficient facts to support the prayer for punitive damages against Defendant.

WHEREFORE, Defendant demands judgment dismissing the complaint with prejudice and awarding Defendant the costs and disbursements of this action, including the attorneys' fees Defendant is entitled to under the account agreement and by statute.

Dated: Buffalo, New York
November 28, 2006

PHILLIPS LYTLE LLP

By: \s\ Preston L. Zarlock
Preston L. Zarlock, Esq. (PZ 8313)
Attorneys for Defendant
Suite 3400
One HSBC Center
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
pzarlock@phillipslytle.com

TO: Stephen H. Weiner, Esq.
LAW OFFICE OF STEPHEN H. WEINER
Attorney for Plaintiff
575 Lexington Avenue
Suite 2840
New York, New York  10022
Telephone No. (212) 566-4669

Doc # 01-1622255.1